Mr. Thomas, the third case on the docket, 2-18-0923, when what the plaintiff appellant, the young doctor, the defendant appellee, arguing on behalf of the plaintiff appellant, Mr. Michael M. Cushing, arguing on behalf of the defendant appellee, the young appellant, Mr. Russell. Mr. Cushing. Your honors, counsel, may it please the court. Summary judgment was granted in favor of the defendant in this case because the court imposed its own belief that this should be a premises liability case. The very first sentence of the court's ruling is, I see this as a premises liability case. This was an error. This imposition is a complete disregard to the allegations that were set out in the plaintiff's complaint. One need only look at the complaint to see this. The allegation set out in the complaint that I've drafted and drafted and many others like it, is clearly titled negligence against the defendant. It alleges... You say in your brief that the open and obvious rule applies exclusively to premises liability claims. Is that accurate? It is accurate. What case says that? I know you cite the SMART case and other cases. SMART does not... Doesn't SMART stand for the proposition that the open and obvious rule was not applicable to that case because under the facts of that case there was no evidence of an open and obvious hazard? Isn't that what the court said? Well, it does mention that, but I think in that case it had to deal with the fact that the open... It cites other cases as well as Chu, Passarelli. In your brief, you did not pincite. You didn't give us a page or a paragraph citation for the proposition that you say. Can you point to any case that states, as you say in your brief, that the open and obvious rule applies exclusively to premises liability claims? Is that in any of the cases? Yes, Your Honor. That's why we require pincitations or paragraph citations in brief so we don't have to do this. Passarelli would be page 866. However, this states, Defendant correctly observes when the courts have applied the open and obvious danger rule to bar recovery by children under the age of 7. It goes down. However, this rule applies only to premises liability cases and then cites several cases, including Converse, James Burton, 5, Bill 2, 614, Mount Zion State Bank and Trust, First Consolidated Communications, Inc., 267, 113, 402. This is a foreign jurisdiction, right? It's the United States District Court. This is a district court applying Illinois law brought up by University. What page? I'm sorry. This is the Chu case. Sorry. This is Chu. He'll have third. I grabbed the wrong one. He'll have third. This is the third district, State of Illinois. Let's go to the actual. You talked about notice. These two individuals came to Lee's home. And, well, I should say Young-Rockley, right? And Young-Rockley claims he told them, you know what? This branch is too big. You don't need to do this. Don't do it. Let it go, and we'll give the professionals basically to do it. So how would he be contributorily negligent, or how would he be negligent at all when he asked them, the pastor and the other individual, not to do this to stop? Well, I think that goes to his credibility. There's also testimony that he was actively involved in the process, coming up with ideas and working with Lee and the pastor to formulate the method in which to do this. So you're saying it sounds negligent. It sounds negligent. And if I can go back to the complaint, the complaint alleges that he invited them to his house to perform this task, that ropes were used to tie the branch off so that it could fall in a certain controlled manner, and that because the way the ropes were tied, the tree branch, instead of falling directly straight down, actually swung and hit him. I don't know if any of you have ever seen people come and trim a tree or take down a tree. They come up the tree, there's a bunch of ropes, they cut it, and the branch drops and swings, and then it's then descended in a controlled manner. In this case, we're alleging that the way that was done in this case was negligent because it didn't fall away. They put the ladder on the branch that was going to be cut, didn't they? Well, they put a ladder on a branch. Any video of this, by the way? No, there's no video. It sounded like he put the ladder up against the branch and then cut it here and the branch fell this way. He put the ladder up against the tree and then cut to the side, and the branch then swung into the ladder, hitting him, knocking him to the ground. That, we're alleging, was negligent. And there's testimony in the case to support that defendant Lee was involved in coming up with that process and assisting him. And that is an allegation not of a condition of the land causing the injury, but an activity of the defendant engaged in this tree trimming process that resulted in injury. Let me ask you this. The Supreme Court, our Supreme Court, which we are bound to follow, applied the open and obvious doctrine to ordinary negligence in Ward v. Wal-Mart, correct? Correct? I believe that Ward v. Wal-Mart was the case in which there were the nails coming out of the wood and the nail was working and it was an act of negligence. No, no. The word versus Wal-Mart was the post. The post, right. And the court adopted and referred to the restatement of torts, 343, which is the open and obvious rule, and it was an ordinary negligence case, correct? I don't know if that's correct. I believe that in Ward v. Wal-Mart the plaintiff argued premises liability in their arguments and argued 343 in their responses to the motion for a summary judgment. It was a negligence claim. But I believe the arguments, and I could be mistaken, but I believe the arguments were concurred. The court discussed the common law as well as premises liability and applied the open and obvious rule in reverse. Here we don't have any hidden conditions. There's no exception to the open and obvious rule here, is there? No. And so would you agree that if we were to disagree with your position, that if the open and obvious rule does apply, we have an obligation to uphold the trial court? Well, no, I don't. I believe that this case was she applied it to a premises liability. She didn't take into consideration any arguments as far as negligence. She didn't even acknowledge it to be a negligence case. Well, let's talk about duty. When we're examining duty, we have to look at the relationship of the parties, correct? Correct. Can you discuss the relationship? I mean, you have the owner of the homeowner and invitees, correct? Correct. How does the defendant's participation in the activity change anything? Well, under IPI 120.02, duty for owner of land is the duty of an owner or occupier of the property in question to exercise ordinary care to see the property is reasonably safe for the use of those lawfully on the property. Now, the note says if we're alleging that an activity of the owner caused the injury, then it becomes a negligence case. And that the appropriate duty and burden of proof instructions for negligence should apply. However, in this case, the defendant invites the plaintiff to his home, is engaged in the activity of this tree trimming process, which all of them concede is a daunting task, and yet he allows it to proceed and actively participates in it. And it was a – would you agree? I mean, it was extremely dangerous. They're connecting two ladders with – what was it, bungee cords? I believe it was electrical wire. Or electrical wire. I think in theory – Extremely dangerous, would you agree? Well, I agree that it sounds bad, but there's nothing to show that the ladder gave way or that the ladder in any way contributed to my client's injury. So whether that was a bad idea or – Your client got on the ladder and climbed up the ladder with an electric chainsaw? Correct. That would have been attached to a cord? Correct. You know, if I invited someone to walk on a ledge while I photographed that person, does that mean that it's not open and obvious that it's extremely dangerous to do that? I think it depends on the purpose in which they're doing it. If you're a photographer and you invite a person to your house to be shot for your job and you say I've got this really high fence in my backyard or a zip line or I've got a tightrope and I want you to walk it for me and you invite them to do that so you can take those pictures, then I would say that the burden is on you for putting them in that position. The duty applies. Who put your client in that position? My client was asked to participate in this. By the pastor? Well, he volunteered with the pastor and with Mr. Lee, and they allowed him to come and help. Neither exception to the open and obvious rule applies here, correct? Correct, and I don't believe the open and obvious rule applies. And you say that Ward versus Walmart does not stand for the proposition that the open and obvious rule applies to ordinary negligence claims? I believe that there is language in that that indicates that there were elements argued by the plaintiff that brought in the issue of premises liability, taking it outside of the negligence realm. The court doesn't say that, do they? What do they say? It takes it outside the negligence realm. That is my understanding of the case, and as I said, if I'm misstating it, I'm wrong. Again, where in Ward does it say that? I don't have Ward in front of me. I'd have to look at that real quick for my rebuttal. But you don't address it in your reply brief. You just suggest or say, again, that open and obvious does not apply to ordinary negligence. Correct, and the case law that I've cited, including the Chu case, says that open and obvious only applies to premises liability cases. And it only works when it also only applies when the defendant, where the danger associated with the condition that caused the injury is so apparent that the landowner could not reasonably foresee any injury being caused by the condition. In this case, I think under the circumstances in which this tree was being cut, it's foreseeable that the defendant would see that someone would get hurt. Well, shouldn't it be foreseeable by the plaintiff? Which I think then goes to contributory negligence or assumption of rights, which wasn't addressed by the trial court. Thank you. Thank you. You're up now for rebuttal. Mr. Strudelsky? Is that correct? Yes, that's correct. I'm Mark Strudelsky on behalf of the FLB, Mr. Young-Rockley. Counsel, good morning. Justices are correct. This is a premises liability case. Judge Minors was correct in making that determination. He flaws quite simply the yellow landowner and an entry. Well, I don't know. You came out and said justices are correct. This is a premises liability. I don't think anybody's – I understand. I don't think Justice Spence and I said a word the whole time. You have Ward, which was – do you submit that Ward is a premises liability case? No. Ward was an ordinary negligence case because Ward involved the obligation of Kmart to Walmart. Ward was a Kmart employee, and it's Reeve versus Walmart, so I get confused. It involved these posts and whether or not they had a duty to warn and inspect and put up notices because people are going to be walking out with mirrors and televisions, et cetera. It was an ordinary negligence case. Justice Spence wrote as much in his New Charleston. Ward is an ordinary negligence case, and Ward's open and obvious doctrines apply. That's why Ward created the distraction exception rather than the per se rule barring any recovery. So we have Plinkett's complaint in which he attempts to obviously avoid the open and obvious doctrine for good reason because it's damning. It wouldn't open and obvious, though, be they went on to Mr. Lee's property and there was a big, like, water fountain or fire pit going, or not something that they created themselves in conjunction with the Defendant. No, because the Illinois Premises Liability Act states exactly the opposite. The Premises Liability Act states that the duty owed to an entrant is reasonable care under the circumstances for the state of the premises, i.e., the condition, or acts done or omitted. Acts done or omitted include activities by the Plaintiff and or the Defendant in creating that hazardous condition. In fact, case law is complete. As I cited in my brief, the majority of dangerous conditions are created as a result of some activity by one of the litigants, which leads to the application of the open and obvious doctrine. So the involvement of the Defendant or the involvement of the Plaintiff in creating this dangerous condition, and I think arguably I can dismiss or I can disclose of any arguments I was going to make concerning whether this was, in fact, objectively open and obvious and dangerous. And I think a 20- to 25-foot ladder with a chainsaw and dress shoes is objectively open and obvious, so I won't address it further unless the Court wishes me to do so. Regardless of how it was created, it was open and obvious,     He didn't come to the property to do anything. He chose to engage it nonetheless. There has been discussion that he was invited upon the property. He was not. He was specifically told not to come to the property. He's not a factual. Sorry. Is that a factual question? Is that a factual question?  Whether he was or was not invited. It's irrelevant in terms of the analysis of the Old and Obvious Doctrine. It is relevant to the duty that is owed to the entrant upon the property. If he's an invitee, it's one obligation upon the landowner as a trespasser. Right, but isn't there a dispute? Is there a dispute as to whether he's an invitee or a trespasser?  I argued in my brief that he was, in fact, a trespasser, and therefore only a willful and wanton obligation of duty analysis would be applicable. The court determined that Mr. Lee was an invitee. Does it matter for the application of the Open and Obvious Doctrine whether or not it bars duty in the imposition of liability? No. So if the court were to find that this latter was, in fact, an Open and Obvious Doctrine, an Open and Obvious Condition, and that the plaintiff nonetheless engaged in that Open and Obvious Condition, then we get to the remaining duty analysis that's set forth in Rudnowski and his progeny as to whether or not we do a two-factor test, whether we do a four-factor test, and whether we discuss only the two and against the last two. And regardless of how we slice this pie, we get to a circumstance where Mr. Lee, the defendant, discharged any duty that he would have had. We're going to look at these other duty allegations. He failed to inspect. He failed to provide proper tools. He failed to provide adequate supervision. He didn't want these people there. He didn't bring any of the tools. He didn't bring any of the ladders. He didn't request them to do any of this stuff. He didn't have an opportunity to supervise. He didn't have an opportunity to inspect. He was brought the stuff. Pastor Jang testified in his deposition that he brought all of the equipment, both ladders, ropes, wires, chainsaw, electrical cord, began setting up the equipment with the plaintiff while my client was in the backyard cutting his lawn. None of that is contested? Well, it was contested when the ladders began getting set up. But it's not contested. That is correct. Let me ask you this. Then from my reading here, I have come to the conclusion, and tell me if I'm right or wrong, that the pastor settled with the plaintiff. That is correct. And the pastor, in his response of interrogatories, in his response of pleadings and in his deposition, said, I'm the individual who was in control. I brought this stuff. I was the person who had experience doing this. I brought these ladders and kind of forced it upon the defendant because I had borrowed this equipment from another, and I needed to do with this data because I needed to return the equipment to the rightful owner. And that's why they progressed this fight. The defendant has a protestation. That does not impose upon the defendant a duty to engage in any of the conduct that the plaintiff alleges in this complaint. The complaint itself sounds to me premises liability. I know that Mr. Cushing disagrees. But the complaint states in paragraph 13, quite simply, the defendant knew or should have known of the dangerous manner in which the work was being performed and had a duty to exercise reasonable care. That's premises liability when we're talking about a landowner and an entrant. And if we're going to reshape the duty between landowners and entrants and whether or not premises liability principles apply to landowners and entrants, well, then we can throw the open and obvious doctrine out the window because it's not going to be applicable because creative lawyers are going to try and keep count of it, and they're going to say it doesn't apply in ordinary negligence cases. Well, in any ordinary negligence case, we look at the position of the parties, the relationship, regardless of the claim, correct? Correct. And the courts note that. It's not the title of the pleading. It's not the article phrasing of the pleading. It's whether or not the parties stand in such a relationship to one another that a duty is to be imposed. And in this case, it's landowner and entrant. You just referred to Kuznowski. Yes, I did. Justice Fentz was the author in that case, and that was an ordinary negligence case as well, correct? Correct. It was a diving case. Do you apply the open and obvious? Yes, you do. So regardless of whether the open and obvious document applies and determines it's a premises or not a premises case, it applies. Should it not apply, the defendant is still discharged any duty owed. And regardless, any conduct by the defendant was not a proximate cause of this gentleman's fault. He didn't shake the ladder. He didn't erect it improperly. The plaintiff went up there, cut the limb. It fell and hit him. That's not through conduct of the defendant. Finally, imperative fault clearly exceeds 50% of the bar in the claim. If you reach that issue, I would think the defendant is clearly entitled to the summary judgment that was granted in the court below. Thank you. Thank you for your time. Mr. Cushing. So I do not have the Kmart case that you mentioned earlier, but I do want to draw your attention to the opinion in Smart v. City of Chicago, and I believe that there might be a distinction in what your belief in the finding of the court was. The court clearly states in that a claim that is unreasonably dangerous condition of property proved by the plaintiff was open and obvious is a defense to a premises liability claim, and it cites the case of Co-Aid v. Indian or Harborville. The thing goes on to say, it doesn't say that that isn't applicable to this case. It says that the city's argument that it was open and obvious doesn't make sense, considering that one of their own employees said that the intersection was smooth and that the trench was only a concrete shadow. So Smart does support the position that premises liability, open and obvious is a defense to a premises liability claim, as well as the other cases that I've cited. The case also of Budzinawski, that's not a regular ordinary negligence claim. The defense, in response to the motion for summary judgment, argued that the defendant owed him a duty to protect him from conditions on the defendant's property under Restatement 343. He's arguing he's entitled to his owed protections under a premises liability claim. So he's conceding that premises liability is in play in that case, and also that case dealt with shallow water, a condition of the property. That's not the case here. The defendant in that case, in Budzinawski, didn't create the shallow water. In this case, your client, together with the pastor, created the condition. Along with the defendant. So much. In addition to the defendant. Right. Again, how does that change anything with respect to the relationship that we have to examine, even under ordinary duty analysis? Well, because under duty analysis in a negligence case, these defenses wouldn't be open and obvious. It would be an assumption of risk or comparative fault. There would have been a different argument at the summary judgment phase. As you guys are aware, issues of contributory negligence and assumption of risk are rarely decided through summary judgment. Factual evidence in this case exists as to who did what, how they did it, who was apprehensive, who wasn't. There's testimony that my client said, let's not do this. This is a daunting project. And they said, we can do this. We know what we're doing. Budzinawski was an ordinary negligence claim, correct? I believe that the way it's drafted, it said it was ordinary negligence. When the defendant brought a motion for summary judgment under premises liability, the plaintiff in that case argued that he was owed a duty to be protected from conditions on the defendant's property under restatement rule 343, which is premises liability. So whatever he pled, he changed his idea in his argument and conceded that premises liability was in play for that case. Who were you saying said, let's not do this? So my client, Mr. Lee, said that when he got there, he looked at the tree branch and said, that's a big branch. Maybe we should call a professional. And then he overheard the other defendants saying, it's okay. We can do this. And then as far as the plaintiff, the defendant, the homeowner, did he ever say, no, you guys don't have to do this. Move along. I'll get a professional to do it. He's never said, I'll get a professional to do that. Didn't he say, don't do this? At one point he said, don't do this. It's debated in the testimony as to how many times or how forceful he was in that. There also is the point where he testified that he asked him because he didn't want them doing his chores for him. But it wasn't, I don't want you doing this because it's dangerous. It's, I felt, he felt, he felt bad putting these people on the spot doing something for him. So, and I don't know if it's a cultural issue with these guys as to how they interacted here. But there clearly was, if there wasn't an assertive do not stop or stop what you're doing here. It seemed to be a cumulative effort that once it got started, it just didn't work. And further on, I pled a negligence claim. And that's the theory that the plaintiff and I chose to pursue in this case. Well, can we affirm the trial court on any basis? Well. We don't have to agree with how she dismissed it, do we? Can we affirm on any basis? I believe that the way that we've drafted it, it's a de novo review. You can make the ruling that you find appropriate based on the evidence that was presented at trial. I think that her decision, her imposition of this being a premises liability claim on the plaintiff was improper.  I never argued premises liability. Right. So, if we look at it as negligence, we could, and look at their 2615, we can affirm on any basis, can't we? I mean that too. But as far as the complaint goes, it alleged negligence under theory. It alleged duty under theory. It didn't contain any of the, I may finish my thought. Yeah. It didn't allege any of the language from Restatement 343 or a general premises liability claim. It didn't allege the duty as set out under those rules or under any premises case law. This was a negligence claim. And the ruling for summary judgment was based on a theory that was not brought and a defense that is not applicable. That's all I can say. Thank you, Mr. Cushing. The Court thanks both parties for their arguments today. The case will be taken under advisement. A written decision will be issued in due course. The Court stands adjourned for the day.